**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD VINSON | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | CIVIL RIGHTS |
| City of Chicago, Detective Donald | ) | |
| McLaurin, Star No. 21458, Detective M. | ) | |
| Haleem, Star No. 21488, Police Officer C. | ) | |
| Martinez, Star No. 12428, and Police | ) | **JURY DEMANDED** |
| Officer N. Castellano, Star No. 17028, | ) | |

Defendants.

## JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.      At all times herein mentioned, Plaintiff RONALD VINSON ("Vinson") was and is a citizen of the United States, and was within the jurisdiction of this court.

4.      At all times herein mentioned, Defendant Detective Donald McLaurin, Star No. 21458 ("McLaurin") was employed by the Chicago Police Department as a Detective, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago.  This Defendant is being sued in his individual capacity.

5.      At all times herein mentioned, Defendant Detective M. Haleem, Star No. 21488 ("Haleem") was employed by the Chicago Police Department as a Detective, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago. This Defendant is being sued in his individual capacity.

6.      At all times herein mentioned, Defendant Chicago Police Officer C. Martinez, Star No. 12428 ("Martinez") was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago.  This Defendant is being sued in their individual capacity.

7.      At all times herein mentioned, Defendant Chicago Police Officer N. Castellano, Star No. 17028 ("Castellano") was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago.  This Defendant is being sued in their individual capacity.

8.      At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department. At all relevant times the City of Chicago was the employer of all individual defendants.

## FACTUAL ALLEGATIONS

9.      On or about November 18, 2016, Plaintiff was lawfully in a public place in Chicago, Illinois.

10.      On that day and place defendants McLaurin, Haleem, Martinez and/or Castellano seized Plaintiff.

11.      Plaintiff did not consent to being seized.

12.     There was no outstanding arrest warrant for Plaintiff.

13.     There was no legal cause to seize Plaintiff.

14.     Prior to his seizure Plaintiff had not engaged in any illegal behavior.

15.     After his seizure Plaintiff was transported to a Chicago Police Department facility.

16.     After his arrival that that facility McLaurin, Haleem, Martinez and/or Castellano decided to subject Plaintiff to a custodial arrest for the alleged commission of several felonies involving Plaintiff's alleged possession and/or use of a firearm.

17.     McLaurin, Haleem, Martinez and/or Castellano falsely informed an Assistant State's Attorney that at least one witness identified Plaintiff as possessing and/or using a firearm.

18.     McLaurin, Haleem, Martinez and/or Castellano falsely informed an Assistant State's Attorney that a video recording depicted Plaintiff possessing and/or using a firearm.

19.     Based upon the false allegations that there was a witness and video recording depicting Plaintiff possessing and/or using a firearm McLaurin, Haleem, Martinez and/or Castellano urged an Assistant State's Attorney to approve felony charges against Plaintiff.

20.     On November 19, 2016, McLaurin, Haleem, Martinez and/or Castellano signed a criminal complaint against Plaintiff falsely accusing him of possessing and/or using a firearm.

21.     Based upon the false allegations of McLaurin, Haleem, Martinez and/or Castellano that Plaintiff possessed and/or used a firearm he was prosecuted for several felonies.

22.     In or about July, 2017, the criminal prosecution of Plaintiff terminated in his favor.

23.     By reason of the above-described acts and omissions of McLaurin, Haleem, Martinez and/or Castellano, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

24.     The aforementioned acts of McLaurin, Haleem, Martinez and/or Castellano were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

25.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against McLaurin, Haleem, Martinez and Castellano for
### UNREASONABLE SEIZURE

26.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty five (25) hereat as though fully set forth at this place.

27.     By reason of the conduct by McLaurin, Haleem, Martinez and/or Castellano, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

28.     The arbitrary intrusion by McLaurin, Haleem, Martinez and/or Castellano, into the security and privacy of Plaintiff's person was in violation of her Constitutional Rights and not authorized by law. McLaurin, Haleem, Martinez and/or Castellano violated Plaintiff's rights in the following manner: the initial seizure of Plaintiff was without any legal cause and the custodial arrest without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, Defendants, and each of them, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff Against McLaurin, Haleem, Martinez, Castellano, and the City of Chicago For**
**The Supplemental Claim Of MALICIOUS PROSECUTION**

29.     Plaintiff incorporates and realleges paragraphs one (1) through twenty five (25)

hereat as though fully set forth at this place.

30.     Defendants caused a criminal prosecution to commence and/or continue against

Plaintiff.

31.     Defendants, police officers and detectives employed by the City of Chicago,

maliciously commenced and caused to be continued a criminal action against Plaintiff for

multiple felony charges without probable cause for the charges.  As a result, Plaintiff was injured

emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty

and related rights.

32.     McLaurin, Haleem, Martinez and/or Castellano initiated, facilitated, and/or

continued this malicious prosecution by giving false police reports, preparing and signing a false

criminal complaint, and providing false information to the Cook County State's Attorney for the

purpose of causing a criminal prosecution of Plaintiff.

33.     The criminal proceedings were terminated Plaintiff's favor in or about July, 2017.

34.     The City of Chicago is liable to Plaintiff for the acts of McLaurin, Haleem,

Martinez and/or Castellano pursuant to the doctrine of *respondeat superior*.

35.     Therefore, McLaurin, Haleem, Martinez, Castellano, and/or the City of Chicago are

liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1.    That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2.    That the Defendants be required to pay Plaintiff's special damages;

3.    That the Defendants other than City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to  Justice Act or any other applicable provision

4.    That the Defendants other than City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5.    That the Defendants be required to pay Plaintiff's costs of the suit herein incurred;    and

6.    That Plaintiff have such other and further relief as this Court may deem just and      proper.


                    BY:    s/ Garrett Browne
                           Garrett Browne
                           ED FOX & ASSOCIATES
                           Attorneys for Plaintiff
                           300 West Adams
                           Suite 330
                           Chicago, Illinois 60606
                           (312) 345-8877
                           gbrowne@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:     <u>s/ Garrett Browne</u>
                Garrett Browne
                ED FOX & ASSOCIATES
                Attorneys for Plaintiff
                300 West Adams
                Suite 330
                Chicago, Illinois 60606
                (312) 345-8877
                gbrowne@efox-law.com

7